# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **MELANIE AGNONE**, on behalf of herself and others similarly situated, | ) ) |
| | ) Case No. |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) |
| **CORRECTIONAL SOLUTIONS GROUP LLC**, | ) **COLLECTIVE ACTION COMPLAINT** ) |
| | ) **JURY DEMAND INCLUDED HEREON** |
| Defendant. | ) ) |

Plaintiff Melanie Agnone ("Plaintiff") for her Complaint against Defendant Correctional Solutions Group LLC ("Defendant") alleges as follows:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, *et seq*.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.  Venue is proper in this judicial District and Division pursuant to 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to Plaintiff's collective and class claims occurred here.

## PARTIES

5.  Plaintiff is a resident of Ohio who has been employed by Defendant within the last three years. Plaintiff's written consent to join this action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

6.  Defendant is a for-profit corporation headquartered in Tyler, Texas (Smith County).

## FACTUAL ALLEGATIONS

7.  Defendant is a U.S. based correctional institution management company that provides services for correctional institutions, jails, and transitional centers across the United States.[1] The services include detention management, substance abuse treatment, electronic monitoring, and correctional consulting.

8.  Defendant employs or employed Plaintiff and those similarly situated as hourly "employees" to provide medical services to the correctional population.

9.  At all relevant times, Plaintiff and those similarly situated were consistently required to, and did, work more than 40 hours per workweek.

10. Plaintiff and those similarly situated were misclassified as independent contractors.

11. Plaintiff and those similarly situated were non-exempt employees and entitled to the protections of the FLSA.

---

[1] Correctional Solutions Group, LLC | Residential Reentry Services (csgprograms.com) (last visited June 3, 2024).

12. At all relevant times, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## Misclassified as Independent Contractors

16. Defendant misclassified Plaintiff and those similarly situated as independent contractors.

17. Plaintiff was employed by Defendant as an hourly LPN since approximately July 2020, and was compensated at approximately $28 per hour.

18. Those similarly situated were also compensated on an hourly basis.

19. Plaintiff and those similarly situated were misclassified as independent contractors because the economic reality was that they were employees of Defendant because Plaintiff and those similarly situated are and were economically dependent on Defendant.

20. The duties of Plaintiff and those similarly situated are integral parts of Defendant's business, as they provided services directly to Defendant's clients and generated revenue for Defendant.

21. The employment of Plaintiff and those similarly situated was continuous with no end date specified, and employment would continue in perpetuity unless terminated with notice by one of the parties to the agreement.

22. Defendant directed and controlled the work of Plaintiff and those similarly situated.

23. Plaintiff and those similarly situated were not required to make any investment in specialized equipment to perform their job duties.

24. The opportunity for profit or loss by Plaintiff and those similarly situated is determined by Defendant.

25. Plaintiff and those similarly situated were not required to exhibit the type of skill or initiative typically indicative of independent-contractor status. For example, Plaintiff and those similarly situated were not required to have unique skills nor did they have the ability to exercise significant initiative within the business. Rather, they performed routine work which requires industry and efficiency, rather than using their medical training in independent ways.

**Unpaid Overtime**

26. Because Defendant misclassified Plaintiff and those similarly situated as independent contractors, it did not pay them overtime compensation at a rate of at least one and one-half times their regular rates for hours worked in excess of 40 per week, in violation of the FLSA.

27. Plaintiff and those similarly situated were not exempt from the protections of the FLSA.

28. At all relevant times, Plaintiff and other similarly situated employees were routinely required to work more than 40 hours per workweek. In fact, Plaintiff and others similarly situated almost always, if not always, worked more than 40 hours per workweek, routinely working an

average of 70 to 75 hours per week. For example, Plaintiff estimates she worked more than 40 hours nearly every, if not every week, since she has been employed by Defendant during last three-year relevant period.

29. Defendant knowingly violated the FLSA by requiring Plaintiff and all other similarly situated employees to work more than 40 hours in a workweek, while not paying them an overtime premium in an amount equal to 1.5 times their regular rate of pay.

30. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees overtime premiums when they worked in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former hourly workers of Defendant who were classified as independent contractors, paid an hourly rate, and who have worked, or currently work, more than 40 hours in a workweek from three years preceding the filing of this Complaint through the final disposition of this matter.**

33. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt, hourly, employees, and all were subjected to and injured by Defendant's unlawful practice of misclassifying them as independent contractors and failing to them overtime premiums when they worked in excess of 40 hours in a workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

34. Notice of this action to similarly situated employees pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

35. The persons similarly situated to Plaintiff are readily identifiable through the payroll records Defendant maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. §211(c) & 29 C.F.R. § 215.2.

## COUNT ONE
### (FLSA Overtime Violations)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

38. The FLSA requires that Defendant's non-exempt employees receive overtime compensation when they worked more than 40 hours in a workweek.

39. As non-exempt, hourly, employees, Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

40. Defendant failed to pay the required overtime compensation to Plaintiff and the FLSA Collective Members.

41. At all relevant times, Defendant knew that it was required to pay Plaintiff and the FLSA Collective Members overtime compensation.

42. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

43. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id*.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the FLSA Collective;

C. Award compensatory damages to Plaintiff and the FLSA Collective in the amount of their unpaid wages as well as liquidated damages in an equal amount;

D. Award Plaintiff and the FLSA Collective pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff and the FLSA Collective their costs and attorney's fees incurred in prosecuting this action; and,

F. Award Plaintiff and the FLSA Collective further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Robi J. Baishnab*
Robi J. Baishnab (Ohio Bar 0086195)
**NILGES DRAHER LLC**
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Adam L. Slone (Ohio Bar 0093440)*
**Brian G. Miller Co., L.P.A.**
250 W. Old Wilson Bridge Rd, Ste. 270
Worthington, OH 43085
Telephone: (614) 221-4035
Facsimile: (614) 987-7841
Email: als@bgmillerlaw.com

*Counsel for Plaintiff*

**admission forthcoming*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*